**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-6218**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY RICHARD RIVERS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:20-cr-00059-KDB-DCK-1; 5:24-cv-00045-KDB)

_____

Submitted:  August 28, 2025                    Decided:  September 25, 2025

_____

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

Anthony Richard Rivers, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Richard Rivers seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 motion. When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on June 14, 2024, so the appeal period expired on August 13, 2024. On August 16, 2024, Rivers wrote a letter asking the district court to rule on his § 2255 motion. The district court did not take any action after receiving this letter. On February 19, 2025, the order dismissing Rivers's § 2255 motion was returned to the Clerk's Office, and, two days later, the Clerk's Office remailed the dismissal order. Rivers apparently received the order this time, as he noted an appeal on February 28, 2025.[*]

Although Rivers's notice of appeal is clearly untimely, we construe his August 16 letter asking the district court to rule on his § 2255 motion as a motion to reopen the appeal period under Rule 4(a)(6). Rivers filed this letter within 180 days of the entry of the dismissal order, and the letter indicated that Rivers did not receive timely notice of the order, which was later confirmed when the initial mailing was returned to the Clerk's

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Rivers could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

Office.  Having construed the August 16 letter as a motion to reopen, we remand to the district court for the limited purpose of determining whether Rivers is entitled to a reopening of the appeal period.  The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*